Dear Mr. Kirkpatrick:
This opinion is in response to your question asking whether legal notices of proposed constitutional amendments must be published for two (2) consecutive weeks or four (4) consecutive weeks if there is but one (1) newspaper in the county.
Article XII, Section 2(b), Missouri Constitution, states:
 All amendments proposed by the general assembly or by the initiative shall be submitted to the electors for their approval or rejection by official ballot title as may be provided by law, on a separate ballot without party designation, at the next general election, or at a special election called by the governor prior thereto, at which he may submit any of the amendments. No such proposed amendment shall contain more than one amended and revised article of this constitution, or one new article which shall not contain more than one subject and matters properly connected therewith. If possible, each proposed amendment shall be published once a week for two consecutive weeks in two newspapers of different political faith in each county, the last publication to be not more than thirty nor less than fifteen days next preceding the election. If there be but one newspaper in any county, publication for four consecutive weeks shall be made. If a majority of the votes cast thereon is in favor of any amendment, the same shall take effect at the end of thirty days after the election. More than one amendment at the same election shall be so submitted as to enable the electors to vote on each amendment separately. [Emphasis added.]
Section 116.260, RSMo Supp. 1983, states:
 The secretary of state shall designate in what newspaper or newspapers in each county the text of statewide ballot measures shall be published. Each shall be published once a week for two consecutive weeks in two newspapers in each county, the first publication to be not more than twenty-one days and the last publication not less than five days next preceding the election. If there is but one newspaper in any county, publication for two consecutive weeks shall be made, the first publication to be not more than twenty-one days and the last publication not less than five days next preceding the election.
[Emphasis added.]
The predecessor of Article XII, Section 2(b), Missouri Constitution (Article XV, Section 2, Missouri Constitution (1875)), was interpreted as requiring substantial compliance with its provisions. State ex rel. State Building Commission v.Smith, 335 Mo. 840, 74 S.W.2d 27 (banc 1934); Fahey v. Hackmann,291 Mo. 351, 237 S.W. 752 (banc 1922) (publication by Pettis County of election notice for three weeks, instead of the four weeks required, did not invalidate election).
In State ex rel. Board of Fund Commissioners v. Holman,296 S.W.2d 482 (Mo. banc 1956), the court noted the introduction of the words "if possible" into Article XII, Section 2(b), Missouri Constitution. The court noted that generally "the provisions of a constitution regulating its own amendment are mandatory and not directory." 296 S.W.2d at 495. The court then stated that the use of the term "if possible" tended to destroy the definite, absolute, and mandatory character of the provision as it existed in Article XV, Section 2, Missouri Constitution (1875). This language introduced reasonableness, practicality, judgment and discretion in the matter of compliance. The "if possible" language was a recognition of the possibility of failure through negligence, incompetency, accident, mistake, inadvertence or wilful misconduct by election officials or newspapers.296 S.W.2d at 496.
In light of this interpretation of the words "if possible", we do not believe that these words authorize the General Assembly to specify publication requirements that are inconsistent with those specified in Article XII, Section 2(b), Missouri Constitution.
Statutes are presumed constitutional and will be held otherwise only if they clearly contravene some constitutional provision.State Tax Commission v. Administrative Hearing Commission,641 S.W.2d 69 (Mo. banc 1982). In this instance, we believe that the two (2) week publication requirement in counties having but one (1) newspaper in Section 116.260, RSMo Supp. 1983, clearly contravenes the four (4) week publication requirement for such counties in Article XII, Section 2(b), Missouri Constitution. Therefore, legal notices of proposed constitutional amendments should be published for four (4) consecutive weeks in counties having but one newspaper; i.e., the Constitution should be followed.[1]
CONCLUSION
It is the opinion of this office that legal notices of elections on proposed constitutional amendments should be published for four (4) consecutive weeks in counties having but one newspaper, as is specified in Article XII, Section 2(b), Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] We note that Section 116.260, RSMo Supp. 1983, may cause some confusion as to the correct number of weeks legal notices of proposed constitutional amendments need to be published. We believe that the "if possible" language of Article XII, Section2(b), Missouri Constitution, will act as a "savings clause" in the event some of the legal notices are inadvertently published for two (2) consecutive weeks in counties having but one newspaper, as is specified in Section 116.260, RSMo Supp. 1983.